Our File No.:  121-21
Amit Deshmukh, Esq. - 127052014
DESH LAW
29 Columbia Turnpike, Suite 302
Florham Park, NJ 07932
Tel. (973) 845-9912
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KELLIE CHAPMAN, | : | CIVIL ACTION |
| | : | NO. 2:21-CV-04175-WJM-MF |
| Plaintiff | : | |
| -vs- | : | |
| | : | Civil Action |
| | : | |
| AA ACTION COLLECTION CO., INC. | : | |
| | : | **NOTICE OF MOTION TO DISMISS** |
| Defendant. | : | **AND SANCTIONS PURSUANT TO** |
| | : | **FED. R. CIV. P. 11 AND THE NEW** |
| | : | **JERSEY FRIVILOUS CLAIMS** |
| | | **STATUTE** |

**TO:**   Clerk, U.S. District Court for the District of
New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut St., #4015
Newark, NJ 07102

**PLEASE TAKE NOTICE** that on August 15, 2022 or as soon thereafter as may be heard, the undersigned attorneys for the A.A. Action Collections Co., Inc. (the "Defendant"), will apply to the United States District Court for the District of New Jersey in Newark, New Jersey for an Order to Dismiss for failure to state a claim upon which relief can be granted, and pursuant to Fed. R. Civ. P. 11 and/or the New Jersey Frivolous Claims Statute, N.J.S.A. 2A: 15-59.1, imposing monetary sanctions against Kellie Chapman and Chulsky Kaplan, LLC and/or Ben A. Kaplan, Esquire and/or Jones, Wolf & Kapasi, LLC and/or Joseph J. Jones, Esq. for the

Defendants' attorneys' fees and costs incurred from March 11, 2021 to the present date up to and including the filing of this motion.

**PLEASE TAKE FURTHER NOTICE** that the Defendant will rely upon the attached Brief and Certification. A proposed form of Order accompanies this Motion.

Respectfully submitted,

Dated: July 22, 2022

/s/ *Amit Deshmukh*
Amit Deshmukh, Esquire
**DESH LAW, LLC**
29 Columbia Turnpike, Suite 302
Florham Park, NJ 07932
E: amitdeshmukh@desh-law.com
T: 973.845.9912

Our File No.: 121-21
Amit Deshmukh, Esq. - 127052014
DESH LAW
29 Columbia Turnpike, Suite 302
Florham Park, NJ 07932
Tel. (973) 845-9912
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| KELLIE CHAPMAN, | : | CIVIL ACTION |
| | : | NO. 2:21-CV-04175-WJM-MF |
| Plaintiff | : | |
| -vs- | : | |
| | : | Civil Action |
| AA ACTION COLLECTION CO., INC. | : | |
| Defendant. | : | |

---

**BRIEF OF THE DEFENDANT IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND N.J.S.A. 2A:15-59.1**

---

Respectfully Submitted,

**DESH LAW, LLC**
Amit Deshmukh, Esq.
29 Columbia Turnpike, Suite 302
Florham Park, NJ 07932
(973) 845-9912
Attorney for Defendant

**PRELIMINARY STATEMENT**

Plaintiff filed the within action against defendant on March 9, 2021 for alleged violations of the Fair Debt Collection Practices Act § 15 U.S.C. 1692 ("FDCPA"). Defendant obtained the debt in question on September 2018.

Defendant sent its first notice via mail on September 26, 2018 regarding satisfaction of the debt owed. On October 30, 2018, Defendant sent a second notice regarding satisfaction of said debt. On or about November 8, 2018, Defendant reported the debt to the credit reporting bureau. Plaintiff never responded at any point, nor sent any verifiable correspondence.

Now, Plaintiff alleges Defendant violated FDCPA, while attempting to collect said debt, for failure to report a dispute on plaintiff's credit report in response to her letter, dated October 22, 2020. The self-serving letter cannot be verified via tracking in any form and defendant has no record of receiving same.

In any event, Plaintiff's claim that defendant violated the FDCPA is barred by applicable one (1) year statute of limitations. Defendant notified Plaintiff of the debt first on September 26, 2018. Defendant subsequently reported said debt to the credit reporting bureau on or about November 6, 2018. In either scenario, the statute of limitations have passed on either September 26, 2019 or November 6, 2019. Accordingly, Plaintiff's claim is barred.

Plaintiff incorrectly relies on the date of the alleged notice sent by Plaintiff on October 22, 2020. Plaintiff cannot toll its own statute pursuant to subsequent notices. Well settled case law dictates the statute of limitations for alleged FDCPA violations occur from the date of occurrence, not the date of notice. The Complaint against Defendant should be dismissed with prejudice.

**I.     STATEMENT OF RELEVANT FACTS**

Prior to September 2018, Defendant incurred a debt via receipt of services rendered from Livingston Subspecialty Group, PA. On or about September 2018, Defendant received the debt for the purposes of collection.

Shortly thereafter, on September 26, 2018, Defendant sent notice about the debt owed and to contact Defendant regarding satisfaction of same. See Schedule A of Defendant's Certification. The letter was sent via a 3rd party vendor, who verifies all correspondence via affidavit. See Schedule B of Defendant's Certification

On or about October 30, 2018, a subsequent notice regarding said debt and consequences for not responding were sent to Plaintiff. See Schedule C of Defendant's Certification The letter was sent via a 3rd party vendor, who verifies all correspondence via affidavit. See Schedule D of Defendant's Certification.

On or about November 6, 2018, Defendant reported said debt to the credit reporting bureau.

Allegedly, on October 22, 2020, Plaintiff sent, notice to Defendant disputing the debt owed. Plaintiff incorrectly relies on October 22, 2020 as the date for triggering the statute of limitations. Notably, Plaintiff omits any reference to the initial correspdeonce or date the debt was reported on her credit report, necessitating further discovery and skirting a motion to dismiss on the pleadings by not stating relevant and material facts, specifically dates to trigger the statute of limitations, September 26, 2018 and November 6, 2018.

Plaintiff fails to state any claims for which relief can be granted against Defendant for any alleged FDCPA violation and purposefully omits relevant dates to attempt to bring a cause of action that should not have been brought. The clear factual record supports only Defendant's

defense and claims. The Complaint should be dismissed as to Action based upon the record before this Court and the legal argument set forth below.

Plaintiff relies on a redacted Transunion credit report, which has the original date of posting redacted and unlisted, while Experian list the original date of November 30, 2018 at 17:42:55 as the original date of posting. See Schedule E of defendant's certification. Plaintiff incorrectly relies on the update date as opposed to the original date of listing. Additionally, plaintiff relies on a credit report that specifically does not list the first

## II.     STANDARD OF REVIEW

a. *Motion to Dismiss*

The standard of review in deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief may be granted, the Court must accept all of the Plaintiff's factual allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

Dismissal shall be granted when accepting all facts as true in the Complaint, the Plaintiff has not sufficiently pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007). Specifically, their must be adequate detail in the Complaint to give the Defendant "fair notice of what the ... claim is and the grounds upon which it rests." Id. 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

When ruling on a Motion to Dismiss, a Court may "consider the allegations in the complaint, exhibits attached to the complaint and matters of public record." United Nat'l Ret. Fund v. Rosal Sportswear, Inc.*,* 2007 WL 2713051, at (M.D.Pa. Sept.14, 2007) (emphasis added) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,* 998 F.2d 1192, 1196 (3d

Cir.1993), *cert. denied,* 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994)). Where alleged facts are contradicted by facts in the Complaint that can be judicially noticed, those facts will not be deemed to be true for purposes of a Rule 12(b)(6) motion. 5A Wright & Miller, Federal Practice and Procedure*,* §1363 at p. 464 and n. 38 (1990). In reviewing the applicable standards, Plaintiff's Complaint against Defendant shall be dismissed.

  b.  *Standard for Sanctions Under FED.R.CIV.P.11*

  Rule 11 of the Federal Rules of Civil Procedure states in pertinent part:

  (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

  (c) Sanctions.

  (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that the rule or is responsible for the violation.

Fed. R. Civ. P. 11 (emphasis added).

  Rule 11 is "aimed at curbing abuses of the judicial system." White v. Camden City, 251 F. Supp. 2d 1242, 1248 (D.N.J. 2003) (quotation and citation omitted), aff'd, 90 Fed. Appx. 437 (3d Cir. 2004). "Sanctions are warranted when a reasonable inquiry would have disclosed that a claim or motion is patently unmeritorious or frivolous." Id. (quotation and citation omitted) (emphasis added). The imposition of sanctions under Rule 11 is based on "an objective standard

of reasonableness under the circumstances." Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995) (quotation and citations omitted). "An inquiry is considered reasonable under the circumstances if it provides the party with an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." Bensalem Twp. v. International Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994) (quotation and citation omitted).

To avoid sanctions, Rule 11 requires attorneys and their clients to "stop, think, investigate, and research" prior to filing papers. Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987). Accordingly, "'discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action.'" Cohen v. Kurtzman, 45 F. Supp. 2d 423, 437 (D.N.J. 1999) (quoting Advisory Committee Notes to the 1993 amendments to Rule 11). In a scenario where a plaintiff and her attorney make inaccurate factual assertions without conducting the reasonably available and required background research. Id. (where Rule 11 sanctions were imposed where investigation prior to filing was "unreasonable").

In essence, "Rule 11 therefore is intended to discourage pleadings that are frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1090–91 (3d Cir. 1988) (quotation and citation omitted) (emphasis added); Id. (affirming imposition of monetary sanctions against plaintiff and his attorney where claim was "legally frivolous").

Rule 11 establishes an ongoing duty to cease litigation of claims that are no longer arguable. Sosinavage v. Thomson, 2019 WL 494824 at *9 (D.N.J. Feb. 8, 2019); See Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper - whether by

signing, filing, submitting, or later advocating it. . . .") (emphasis added). Plaintiff in Sosinavage, "was certainly required under Rule 11 to stop advancing those claims when it because clear through discovery that Plaintiff could not satisfy the prima facie elements…) *Id.* Further explained in the Notes of the Advisory Committee (1993 Amendment), "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under Rule 11 not to persist with that contention. Subdivision (b) does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses." (emphasis added)

Lastly and procedurally, Rule 11 contains a notice requirement called the "safe harbor" provision, providing an opportunity to the offending party to withdraw the pleading. See Marenbach v. City of Margate, 942 F. Supp. 2d 488, 496 (D.N.J. 2013). However, a violation under Rule 11 is committed when a pleading is filed. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990). Sanctions can be imposed against attorneys and parties. See Business Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 540–46 (1991); White, 251 F. Supp. 2d at 1248. Motions pursuant to Rule 11 must be filed prior to entry of final judgment. Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 100 (3d Cir. 1988); L.Civ.R. 11.3.

### III. LEGAL ARGUMENT

a. *The One Year Statute of Limitations Bars Plaintiff's FDCPA Claim.*

Plaintiffs' claim under the FDCPA is barred by the one (1) year statute of limitations. 15 U.S.C. § 1692k(d) (an "action to enforce any liability created by [the FDCPA] may be brought … within one year from the date on which the *violation occurs*"). Because Defendant notified Plaintiff of the debt initially on September 26, 2018 and reported the debt on Plaintiff's credit report, on or about November 6, 2018 and actually reported on November 30, 2018, and

Plaintiff commenced this action on March 9, 2021, approximately two (2) and a half years after the latest statute of limitations passed on November 30, 2019, the within Complaint may not form the basis of her claim against Defendant.

It is well established, "absent the application of an equitable doctrine, §1692k(d)'s statute of limitations begins to run when the alleged FDCPA violation occurs, not when the violation is discovered." Rotkiske v. Klemm, 890 F. 3d 422, (3d Cir. 2019) affirmed. In Rotkiske, "Plaintiff argues for application of the general discovery rule as a principle of statutory interpretation that, in effect, would read a discovery provision into §1692k(d)." The Court denied said argument and affirmatively held the statute of limitations triggers upon the occurrence of the alleged violation, relying on the statute's plain language. *Id.* In the instant case, the trigger for the statute of limitations under the FDCPA would be either September 26, 2018 or November 6, 2018. *Id.* Additionally, the court also concluded that Rotkiske was not entitled to equitable tolling because, even accepting the truth of the allegations in the complaint, he was not misled by Klemm's conduct. *Id.*

Plaintiff purposefully fails to state when the initial contact occurred by Defendant in September 2018 or, more troubling, the date on which the credit report occurred in November 2018, in an effort to mispresent to and misdirect the court to bring a frivolous matter against Defendant. To accepts Plaintiff's assertion for the date of accrual in an alleged FDCPA violation starts upon date of a self-serving letter would allow any debtor to toll their own cause of action, thus, holding the creditor open to lawsuits at all points in the collection process and defeating the plain language of §1692k(d). Therefore, the Complaint against Defendant must be should be dismissed with prejudice.

b. *The Defendant's Motion for Sanctions Under FED. R. CIV.P. 11 should be granted because Plaintiff's Claims were patently and objectively frivolous and without any reasonable basis in law or fact*

In reviewing and applying the relevant standards, it is evident that Defendant's Motion should be granted. Case law is well settled from the Supreme Court of the United States, stating the date of occurrence triggers a cause of action and statute of limitations, not when a debtor finds out about the debt. See Rotkiske.

Plaintiff attempts to misdirect and mispresent to the court the relevant dates tolling the statute of limitations as October 22, 2020, raising multiple serious issues. Specifically, Plaintiff relies on her instant case and basis for a class certification on incorrect dates, despite well settled case law. An attorney would determine same with minimal case law research prior to filing suit. Evenmoreso, plaintiff's counsel should know well settled case law and conducted minimal research regarding the relevant dates triggering a cause of action under FDCPA, as the firm specializes in FDCPA claims. It can be inferred, the notable lack of relevant dates to trigger the appropriate statute of limitations is a purposeful and intentional choice to misdirect the court.

If Plaintiff and Plaintiff's counsel conducted minimal inquiry into the material facts, such as a free credit report from credit karma that is readily available and can be considered matter of public record, it would be unequivocally apparent when the alleged FDCPA violation occurred and the applicable statute of limitations for same. See Rotkiske; and See United Nat'l Ret. Fund.

Defendant asserts that these facts illustrate that this litigation was filed in bad faith and meets the bad faith test warranting sanctions under the Frivolous Claims Statute because plaintiff's claims lack "objective reasonableness." Segal, 413 N.J. Super. at 194. See e.g., Mucia v. Middlesex Cty., No. A-1564-14T3, 2018 WL 769421 (N.J. Super. Ct. App. Div. Feb. 8,

2018) (imposing sanctions under the Frivolous Claims Statute when plaintiff could not distinguish directly adverse precedential case law and thus acted in "bad faith"); Belfer v. Merling, 322 N.J. Super. 124, 144, 730 A.2d 434, 445 (App. Div. 1999) (stating that under the Frivolous Claim Statute, "[a] claim will be deemed frivolous or groundless when no rational argument can be advanced in its support"). However, if the Court does not find bad faith, Rule 11 sanctions may be imposed even in the absence of subjective bad faith where the claims are not reasonably based in law and/or fact. Lieb v. Topstone Indus., 788 F.2d 151, 157 (3d Cir. 1986). Here, Rotkiske is well settled and directly on topic on the issue of statute of limitations under FDCPA claims and Plaintiff either knew of the relevant statute of limitations and attempted to misdirect the court or Plaintiff's counsel failed to complete a minimal amount research, reviewing her credit report, to determine the relevant facts in bringing the within lawsuit.

     Rule 11 provides that attorneys may be sanctioned if they fail to conduct an objective and reasonable inquiry into the legal admissibility of the claim. FED. R. CIV. P. 11(b)(2) & (c); Gaiardo v. Ehtyl Corp., 835 F.2d 479, 482 (3d Cir. 1987). Counsel must conduct a "normally competent level of legal research to support their presentation." Simmerman v. Corino, 27 F.3d 58, 62 (3D Cir. 1994)(quoting Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d. Cir. 1988)). Here, an objective test in reviewing a credit report issue under FDCPA would be the date of the occurrence, here the date the debt was reported in November 2018. Something essential in claiming a FDCPA violation.

     Almost identical to the case at hand, in Evans v. Gloucester Twp., plaintiff's allegations were clearly not warranted, and specifically rejected, by existing law and arguments to the Court to consider any other standard was frivolous. See Evans v. Gloucester Twp., No. CV 14-7160

(JBS/JS), 2016 WL 3556604 (D.N.J. June 29, 2016), appeal dismissed, 694 F. App'x 874 (3d Cir. 2017) (granting motion for sanctions where even a cursory review of precedent would show that the claims were barred); Semexant v. MIL--Limited Boston Machinery Div., 252 N.J. Super. 318. (App. Div. 1991) (declining to award sanctions where the issues presented were in developing area of the law). Again, a minimal search into the relevant dates for the statute of limitations would have prevented the within lawsuit and case law under Rotkiske.

Plaintiff was notified of the within facts during Initial Discovery Exchange and Safe Harbor Rule, in an effort to avoid necessitation of the within Motion, yet Plaintiff's did not withdraw their Complaint. As part of Plaintiff's continuing obligation under Rule 11, Plaintiff did not withdraw their untenable claims after Initial Discovery Exchange. See Sosinavage.

## IV.   CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint as to Defendant with prejudice and grant Defendant's Motions for Sanctions.

Desh Law, LLC<br>
29 Columbia Turnpike, Suite 302<br>
Florham Park, NJ 07932<br>
(973) 845-9912

Date: July 22, 2022                        By _/s/ Amit Deshmukh_____
                                               AMIT DESHMUKH, ESQ.
                                               Attorney for Defendant